Talbot, ex parte.

---

TALBOT, *ex parte.*

SURETY ON COUNTY TREASURER'S BOND: *Discharge of by County Court.*

    It is in the discretion of the County Court, upon a proper showing by a surety on the official bond of the County Treasurer, to require the Treasurer to give a new bond, and discharge the surety from future liability; but it has no power to discharge the surety from past liability.

Talbot, ex parte.

APPEAL from *Jefferson* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*White–Bell* for petitioner.

ENGLISH, CH. J.:

On the second day of the May Term of the Circuit Court of Jefferson County, 1877, John H. Talbot presented to the court the following petition:

"*To the Hon. John A. Williams, Judge, etc.:*

"Your petitioner, John H. Talbot, would very respectfully represent and show unto your Honor that he, on the 25th day of October, 1875, made and entered into a bond in the sum of ten thousand dollars, as surety for Alexander T. Moon, as Treasurer of the County of Jefferson, and that said bond is now on the files of this court, awaiting approval. Your petitioner would very respectfully show unto your Honor that being on said bond as surety is incompatable with his commercial business, your petitioner being a merchant at the City of Pine Bluff; and he says that for these reasons he very respectfully petitions your Honor to release him from said bond, by appropriate order; and that a new bond may be given, and he will ever pray," etc.

The petition was sworn to before a justice of the peace, 24th November, 1876.

At the foot of the petition, and below the affidavit, is the following:

"We covenant and agree to the granting of the foregoing petition.

W. L. PACKARD.
C. H. RICE.
A. T. MOON.
MARGARET RICE."

On Monday, June 4th, the following record entry was made:.

"On this day comes the petition of John H. Talbot, to be released from the bond of A. T. Moon, as County Treasurer of the

County of Jefferson, to be heard, and after argument it is by the court ordered, considered and adjudged that said petition be denied on account of insufficiency of the reasons set forth therein for the relief asked for."

On the 20th of June, there was a record entry that the petitioner excepted to the ruling of the court in refusing to grant said petition, and prayed an appeal to the Supreme Court, which was granted.

There was no bill of exceptions bringing any facts upon the record. The petition, and the above record entries are all that appear in the transcript before us.

The statute requires the County Treasurer, twenty days from the receipt of his commission, to enter into bond, with good and sufficient security to the State, etc., etc. Gantt's Dig., sec. 1028. (Acts of 1877, p. 10.)

The bond is required to be approved by the Circuit Court; but the Judge of the court, or the County Judge, may approve the bond in vacation, subject to confirmation or rejection by the Circuit Court, in term. Acts of 1874-5, p. 192.

We may suppose that Alexander T. Moon was elected Treasurer of Jefferson County, at the general election in the fall of 1876, and entered into bond, with appellant as one of his sureties; that his bond was appoved by the Circuit Judge or County Judge, in vacation, and was on file and awaiting confirmation by the Circuit Court in term, at the time appellant filed his petition to be released from the bond. Moon, doubtless, had acted as Treasurer under the bond from the time of its approval, in vacation, to the time of the application of appellant to be released.

It was not in the power of the court to release him from any liability which had already accrued upon the bond.

Counsel for appellant say that Moon, the principal in the bond, and the other sureties, consented, in writing, for appellant to be released.

Talbot, ex parte.

We find no evidence in the transcript that such was the fact.

The bond is not in the transcript, nor does it appear who the other securities are.

We find written at the foot of the petition, as above shown: "We covenant and agree to the granting of the foregoing petition," which purports to have been signed by W. L. Packard, C. H. Rice, A. S. Moon and Margaret Rice, but whether these persons in fact signed this writing, or whether any of them are sureties in the bond, or the only sureties, does not appear in the transcript.

But the court had no power to release appellant from any liability he may have incurred as surety on the bond, if all his cosecurities and Moon consented to his release, because the bond was made to the State, and the public had an interest in it.

The court had the discretion, however, upon the application of appellant, and upon a satisfactory showing, to require Moon "to give a new bond and security for the performance of his official duties," and upon the execution and approval, etc., of such new bond, appellant would be discharged from future, but not past liabilities. Gantt's Dig., sec. 5705–5711.

Such, perhaps, was the intention of appellant's application, but the court below deemed the showing insufficient, and refused to make an order upon Moon to execute a new bond.

There was no showing in the petition that Moon was incompetent, insolvent, or guilty of any official misconduct, or that he was in any manner failing to discharge, with fidelity, the duties of his office. *Dempsey* v. *Fenno*, 16 Ark., 491.

The only showing made was, that appellant was a merchant, and it was incompatible with his commercial business to remain as surety upon the bond of Moon.

We cannot undertake to say that the court below abused its discretion in refusing the prayer of appellant upon such a showing. Affirmed.