SPRAGUE v. CLAY COUNTY use SCHOOL DISTRICTS.

4-3254

Opinion delivered January 22, 1934.

*J. L. Taylor* and *Oliver & Oliver,* for appellant.

*D. Hopson, Foster Clarke* and *H. M. Cooley,* for appellee.

KIRBY, J., (after stating the facts). The second surety bond was required to be furnished by the depository bank upon a demand therefor by the county judge under the authority of act 163 of 1927, § 14, of which reads in part as follows:

''The county court, or the judge thereof, may at any time, if he deems it desirable, require a new bond, or additional bond to be filed by any depository selected under this act.'' The county judge demanded the execution of the new bond because of having heard of the opinion of the Attorney General that the law required it, and since most of the county officials were required to execute such surety bonds. This bond was executed and approved, and was in a sufficient amount to secure all the money paid into the depository under the law.

It was shown that all the moneys due the county and school districts were in the depository at the time the new bond was required to be executed. It appears from the testimony also that it was the intention to require the securing of the entire amount that might come into the depository thereafter by the new bond, which was given in lieu of, and in substitution for, the old bond, and not in addition thereto. Said surety bond was duly executed, approved and delivered to the depository bank, which had the moneys of the county in its possession at the time.

It has been held that a surety cannot be released from a county treasurer's bond from any liability which had already been incurred. Ex parte *Talbot,* 32 Ark. 424. It was also said there that the court had the discretion, however, to require the treasurer to give a new bond or security for the performance of official duties, and, upon the execution and approval thereof, the sureties on the old bond would be discharged from future liability, but not from any present liability.

The statute relative to the discharge of sureties on the former official bond by the execution of a new bond provides that, when a new bond is taken and approved, it

shall operate as a discharge of all the sureties in the former bond from all liability arising from any subsequent misconduct or default of the principal therein, and such sureties shall thenceforth be liable only on such bond for such breach thereof as shall have happened prior to the taking and approving of the new bond. Section 8303, Crawford & Moses' Digest.

It may be urged that a depository bond is not an official bond within the meaning of the statute, but the law requires the execution thereof for the protection and security of public funds collected by public officials and deposited therein, and we see no good reason why there should be a rule for less or more liability for the sureties on the bonds of such depository than is required by law of the sureties of the official who collects the money in the first instance. Such depository bonds have been held to be official bonds. *Maryland Casualty Co.* v. *Pacific Co.*, 245 Fed. 831.

The new bond was filed January 10, 1930, and approved January 25, 1930, and was intended to be in lieu of and supersede the old bond, as already said. On that day the bank had on hand $35,701.85 to the credit of the treasurer, and on January 18, a few days before the new bond was approved, his balance was $34,051.17, and was gradually reduced afterwards. The treasurer continued under the new bond to make deposits and draw out funds, and by November 17, 1930, he had drawn out $77,073.36, having a balance on hand of $29,118.29. The action of the county treasurer, after he knew of the opinion of the Attorney General and that the new bond had been made and approved, and after his talk with the county judge about it, was certainly tantamount to acceptance on his part of the new bond instead and in lieu of the old bond, and, since he withdrew from the bank an amount in excess of the balance as of January 10, 1930, the old bond was discharged. *State use Randolph County* v. *Pocahontas State Bank,* 184 Ark. 442, 42 S. W. (2d) 546. See also *School District* v. *McCrary,* 187 Ark. 800, 62 S. W. (2d) 953, and *Jefferies* v. *Wasson,* 187 Ark. 519, 60 S. W. (2d) 903.

It will be remembered that the chancery court, at the first hearing on the approval of the proposed sale by the Bank Commissioner, denied it, and at a later hearing additional testimony was taken, which was included in the findings and decree approving the sale. There was no action taken to prevent the carrying out of the decree authorizing the sale, and the treasurer and the school districts, being fully advised about the matter, will be held to have ratified the decree.

It is manifest that the new surety bond was executed to take the place of and supersede the old bond, and that the conduct of the treasurer and the school districts amounted to a ratification of the proceeding, and the sureties on the old bond were discharged thereby. The chancellor erred in holding otherwise, and, for this error, the decree is reversed, and, the cause having been fully developed, same will be dismissed. It is so ordered.